## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24-cv-00430-CDL |
| v. | ) | |
| | ) | |
| (1) JERRY ALLEN MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Jane Doe, files this action for relief under, among other authorities, the Civil Action Relating to Disclosure of Intimate Images Act ("CARDII"), codified at 15 U.S.C. § 6851, asserting claims arising out of Defendant Jerry Allen Martin's unauthorized disclosure of an intimate video depicting Plaintiff.  Plaintiff further requests injunctive relief maintaining her anonymity, pursuant to 15 U.S.C. §6851 (b)(3)(B).  In support of her claims, Plaintiff alleges as follows:

## PARTIES

1. Plaintiff Jane Doe is over the age of 18 and resides in Tulsa County, State of Oklahoma.

2. Defendant Jerry Allen Martin is a resident of Creek County, State of Oklahoma and may be served with process at his residence located at 9180 Freedom Ave., Sapulpa, OK 74066.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings claims under federal law, namely 15 U.S.C. § 6851.

4. The Court has jurisdiction over the Defendant and venue here is proper under 28 U.S.C. § 1391 (b), because Defendant Martin is subject to personal jurisdiction in this district and

because the events giving rising to Plaintiff's claims occurred in Tulsa County, State of Oklahoma.

## STATEMENT OF PERTINENT FACTS

5.  Plaintiff and Defendant were engaged in an intimate relationship in 2021.

6.  During the course of this relationship, Defendant obtained pictures and videos of the Plaintiff that were intimate in nature and in which Plaintiff was easily identifiable.

7.  These photos and videos were for the intimate private enjoyment of the Defendant and were not intended for distribution to others.

8.  On December 13, 2023, Defendant emailed an intimate video depicting the Plaintiff to Plaintiff's employer stating that he had enough evidence to "ruin" both the employer and the Plaintiff.

9.  Plaintiff was easily identifiable in the video disclosed by the Defendant.

10. Defendant used a means or facility of interstate or foreign commerce to disclose the intimate visual depictions of Plaintiff when he used the internet and/or the cellular networks to disclose the intimate visual depictions of the Plaintiff without her consent.

## CAUSES OF ACTION

### Count I: Violation of 15 U.S.C. § 6851

11. Plaintiff incorporates the allegations contained in Paragraphs 1-10 as thought fully set forth below.

12. When Defendant used the internet and email to show and/or transmit intimate visual depictions of Plaintiff, he did so in or affecting interstate commerce or by using a means of facility of interstate or foreign commerce, in violation of 15 U.S.C. § 6851 (b)(1)(A).

13. When Defendant disclosed or distributed intimate visual depictions of Plaintiff, he knew, or recklessly disregarded, that Plaintiff never consented to the disclosure of distribution of the

depictions.

14. As their content confirms, each of the intimate visual depictions Defendant disclosed falls under and is subject to the protections of CARDII.

15. Because Defendant violated Plaintiff's rights, Plaintiff seeks the greater of her actual damages or the statutory liquidated damages of $150,000.00 that CARDII provides for, along with the reasonable and necessary attorney's fees and litigation costs that may result from this action.

16. Plaintiff further seeks, and is entitled to, temporary, preliminary, and permanent injunctive relief enjoining Defendant from displaying or disclosing any intimate visual depictions of Plaintiff and requiring Defendant to destroy all such materials from any device Defendant owns or any account or website Defendant controls.

Count II: Invasion of Privacy

17. Plaintiff incorporates the allegations contained in Paragraphs 1-16 as though fully set forth below.

18. When Plaintiff shared the intimate visual depictions with Defendant, she did so in the context of an intimate personal relationship with Defendant and Plaintiff had a reasonable expectation of privacy and seclusion.

19. By sharing the intimate visual depictions with others without Plaintiff's consent, Defendant violated Plaintiff's reasonable expectation of privacy and seclusion.

20. Because Defendant violated Plaintiff's rights, Plaintiff seeks all damages resulting from such violations, including actual and punitive or exemplary damages.

21. Furthermore, Plaintiff seeks temporary, preliminary, and permanent injunctive relief enjoining Defendant from displaying or disclosing any materials Plaintiff created and requiring him to destroy all such materials from any device Defendant owns or any account or website

Defendant controls.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully request that the Court enter judgment in her favor and against the Defendant and provide her all requested relief as follows:

a) That Plaintiff has a trial by jury on all issues to the extent provided for by law.

b) The greater of Plaintiff's actual damages from any of Plaintiff's claims or Plaintiff's liquidated damages of $150,000.00;

c) An injunction requiring Defendant to 1) refrain from displaying or disclosing any intimate images depicting Plaintiff; 2) permanently delete or otherwise destroy all intimate images of Plaintiff that are subject to Defendant's possession, custody, or control; 3) remove any posts made on the internet depicting or giving access to any intimate images involving Plaintiff; 4) identify the places where or persons to whom Defendant disclosed such images (including names, addresses, and contact information for every such person); and 5) take all reasonably available steps to notify anyone to whom Defendant discloses such images that such images are subject to the Court's order and protection; and 6) and injunction allowing Plaintiff to maintain her anonymity by proceeding in this action as "Jane Doe."

d) All reasonable and necessary attorney's fees incurred in pursuing a judgment;

e) That the costs of this action be taxed to Defendant;

f) Leave to amend the Complaint to conform to the evidence produced at trial; and,

g) Awarding such other relief as this Court may deem just and proper.

Dated: September 16, 2024

Respectfully Submitted,

**/s/ Damon E. Sacra**
Oklahoma State Bar No. 21345
SACRA LAW, PLLC
9246 S. Sheridan Rd., Suite P
Tulsa, OK 74133
P: (918) 732-9221
F: (918) 856-3761
dsacra@sacralaw.com